IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Susan N. Patrick,<br><br>  Plaintiff<br><br>    v.<br><br>Berney J. Kubetz,<br><br>  Defendant | **Complaint for Professional Negligence**<br><br>Civil No.<br>_____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:   **No** |

1. **The Parties to this Complaint**

   A. **The Plaintiff**

   | | |
   |---|---|
   | Name | Susan N. Patrick ("Plaintiff") |
   | Job or title | Attorney, inactive |
   | Street Address | 526 Yankee Point Road |
   | City and County | Lancaster |
   | State, Zip Code | Virginia 22503 |
   | Telephone No. | (207) 478-6973 |
   | E-mail Address | snpatrick@mac.com |

   B. **The Defendant**

   | | |
   |---|---|
   | Name | Berney J. Kubetz ("Attorney Kubetz") |
   | Job or Title | Attorney (unknown if active or retired) |
   | Street Address | 80 Exchange Street (law firm address) |
   | City and County | Bangor, Penobscot |
   | State, Zip Code | Maine 04401 |
   | Telephone No. | (207) 947-0111 |
   | E-mail Address | bkubetz@eatonpeabody.com |

2. **Basis for Jurisdiction**

   The basis for federal court jurisdiction is diversity of citizenship. The Plaintiff, Susan N. Patrick, is an inactive member of the Maine Bar and is a citizen of *Virginia*. The Defendant, Bernard J. Kubetz, is an attorney admitted to practice in Maine and is a citizen of *Maine*.

3. **The Amount in Controversy**

   The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

4. **Claim of Professional Negligence (Legal Malpractice)**

   A.  Plaintiff and her husband Urey W. Patrick ("Plaintiffs" in the underlying case) retained Attorney Kubetz in 2014 to provide legal services in connection with medical malpractice claims against Dr. Robert A. Grover (the "Grover Action"), thereby establishing an attorney-client relationship between the parties. As Plaintiffs' counsel in the Grover Action, Attorney Kubetz owed a duty of care to Plaintiffs, requiring him to represent them with reasonable care, skill and diligence possessed and exercised by the ordinary attorney in similar circumstances.

   B.  Attorney Kubetz breached this duty by failing to apply the applicable 6-year statute of limitations of 14 M.R.S. §859. This limitation period had not expired when Plaintiffs filed the Grover Action in 2016 (two years prior to

expiry) thus overlapping the implanting surgery in 2009. Instead he applied the 3-year statute of limitation of 24 M.R.S. §2902. This substantially devalued the Grover Action because this limitation period did not overlap the implanting surgery injuries but rather only those of the 2012 office visit. On November 26, 2014, Attorney Kubetz wrote a letter to John Gross of Medical Mutual Insurance, claiming only damages that occurred before the expiry of the 3-year §2902 limitation period. A copy of this letter is attached hereto as **Exhibit A** and made a part hereof. Attorney Kubetz was aware that Dr. Grover had failed to provide Plaintiff with the 2008 and 2011 FDA safety alerts concerning the mesh he surgically implanted in the Plaintiff in 2009. Even though he had this knowledge, he failed to apply the 6-year statute of limitations clearly called for in Plaintiffs' case by both Maine statute and settled case law.

C.   Attorney Kubetz withdrew from representation in December of 2014. Thereafter there were periods when Plaintiff had no choice but to proceed pro se when successor counsel could not be found. Successor counsel Attorney John Flynn represented Plaintiffs from 2016 to 2022. Because both Plaintiff and Attorney Flynn were unaware of the malpractice error, they continued with the litigation as Attorney Kubetz had positioned it. There was no intervening cause of Plaintiffs' injuries. They were sustained as a direct proximate cause of the malpractice by Attorney Kubetz.

D.     If Attorney Kubetz had taken time to research the limitation period applicable to Plaintiffs case, he would have quickly found the correct one. In fact, Plaintiff raised this very issue in an email to Attorney Kubetz dated October 12, 2014 (attached hereto as **Exhibit B** and made a part hereof) but he did not change his position as a result. Plaintiff relied on his great expertise and believed he knew better than she did as he was a very experienced personal injury litigator (this was the reason for his retention) and she had none. Almost ten years later, Plaintiff had forgotten about this email when Plaintiff was forced again to proceed pro se in 2023 (again she was unable to retain a new attorney).  When opposing Defendant's motion for summary judgement, she was able to find Attorney Kubetz' error very quickly. Any average attorney would not have made this basic limitation period error. On May 14, 2023, she emailed Attorney Kubetz about this problem, asking for his assistance in responding to the motion because she lacked any litigation experience (attached hereto as **Exhibit C**).  She received no response. Plaintiff tried in vain to save the case by arguing the application of the 6-year limitation notwithstanding its late introduction.

E.     But for the error of Attorney Kubetz the underlying case would have been won in a much shorter time. Neither a medical expert nor a jury trial would have been required. When the potential harm described in a FDA safety alert actually harms the implant patient, that harm is foreseeable. No expert testimony is

4

necessary in those cases where deviation from the standard of care is commonly known by laypersons. Doctor Grover had a $1 million medical malpractice insurance policy. All the requirements of 14 M.R.S. §859 were met. Dr. Grover admitted he did not furnish his patients with such safety alerts or the mesh product literature prior or after surgery. Dr. Grover's medical expert admitted that if such alerts were not provided to patients the doctor's duty to inform of risks was breached. Plaintiff would definitely not have proceeded with the mesh implantation surgery if the dire warnings of the safety alerts had been provided to her. Damages to Plaintiff included but were not limited to the loss of the case, permanent dyspareunia, loss of consortium, pain and suffering, multiple revision surgeries, deep emotional and psychological damage, long term enormous stress and emotional damage (when the case dragged on for approximately 10 years, for periods when she had no choice but to proceed pro se without the critical litigation experience). The long duration of the case stemmed from issues concerning contractual questions relating to the statute of limitations tolling agreement. These would not have been in issue without the statute of limitations error as there would have been no expiry issues.

F.   **Relief**

Plaintiffs have suffered compensatory damages in an amount to be proven at trial, but estimated to total approximately $5 million. Damages included but are not

limited to $500,000 for economic damages, $1 million for permanent dyspareunia, $1 million for loss of consortium, and $2.5 million for the following damages: pain and suffering, multiple revision surgeries, deep emotional and psychological damage, and long term substantial stress and emotional damage.

G.     **Closing**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date and place of signing: November 21, 2024 at Lancaster, Virginia.

*Susan N. Patrick*
Susan N. Patrick, pro se
Plaintiff, Bar No. 8511
526 Yankee Point Road
Lancaster, Virginia 22503
(207) 478-6973
snpatrick@mac.com